Filed 5/2/14  P. v. Delgado CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MIKEAL LEE DELGADO,<br><br>      Defendant and Appellant. | H039948<br>(Santa Clara County<br>Super. Ct. No. C1240989) |

Defendant Mikeal Lee Delgado was observed by a police officer conversing with a known drug dealer.  Defendant was driving a BMW.  The police officer determined that the BMW had been reported stolen.  Defendant got out of the BMW and tried to remove its license plate.  The officer detained him, and defendant provided a false name.  The officer discovered that defendant was on parole with an active arrest warrant for absconding.  Defendant's driver's license was suspended, and he had marijuana and a spark plug in his pockets.  An "air gun" that had been spray painted black was found in the BMW.

Defendant waived his right to a preliminary examination.  He was charged by information with one felony, driving or taking a vehicle with a prior conviction for doing so (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5), four misdemeanors, alteration of an imitation firearm (Pen. Code, § 20150, subd. (a)), possession of burglary tools (Pen.

Code, § 466), driving with a suspended license with a prior conviction for doing so (Veh. Code, § 14601.1, subd. (a)), and providing a false name to a peace officer (Pen. Code, § 148.9), and one infraction, possession of less than an ounce of marijuana (Health & Saf. Code, § 11357, subd. (b)). The information also alleged that defendant had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and four times served prison terms for prior felony convictions (Pen. Code, § 667.5, subd. (b)).

Defendant had a lengthy criminal history (seven prior felony convictions and 21 prior misdemeanor convictions) and was a chronic substance abuser. His prior crimes included exhibiting a deadly weapon, spousal abuse, and obstructing an officer. He had completed several residential substance abuse treatment programs, but he had always returned to substance abuse.

Defendant faced a maximum term of 12 years in prison. He accepted a "court offer" of a sentence cap of five years in prison in exchange for his no contest pleas to all counts and admission of all of the prior conviction, strike, and prison prior allegations. The court refused to strike the strike. It imposed the lower term of two years, doubled due to the strike, for a four-year prison term for the felony and imposed concurrent jail terms for the misdemeanors. The court struck the punishment for the prison priors. Defendant timely filed a notice of appeal.

Appointed appellate counsel has filed an opening brief that states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf but has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

                                                                    _____

                                                                    Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Grover, J.